**In the Matter of AIG–NATHAN KNIT-WEAR, Inc., Bankrupt.**

United States District Court
S. D. New York.

July 8, 1957.

Hahn & Golin, New York City, for petitioner.

Louis P. Rosenberg, Brooklyn, N. Y., for Unofficial Creditors Committee.

LEVET, District Judge.

This is a review of a determination by a bankruptcy referee involving the validity of the election of a trustee.

Two committees of creditors, or alleged committees, are involved. A committee of eight members was originally organized on January 25, 1956, four of whom subsequently resigned. Three attorney members of the four members remaining thereafter met and designated one Sol Schneider as secretary and approved his solicitation of claims.

Another committee was organized on January 25, 1956, the members of which were Matthew C. Spinner, Sidney S. Engel, Nathaniel Berman and Morris Rabin. This group elected the New York Credit Men's Adjustment Bureau, Inc. as secretary. On April 3, 1956, prior to the election of a trustee, the committee filed an affidavit signed by Matthew C. Spinner, pursuant to Rule 14(c), subd. 2 of the Bankruptcy Rules of the United States District Courts for the Southern and Eastern Districts of New York. It secured certain powers of attorney which read as follows:

"To: Matthew C. Spinner or Sidney S. Engel or Nathaniel Berman or Morris Rabin, the members of an unsecured Creditors' Committee of which Matthew C. Spinner is Chairman and New York Credit

Men's Adjustment Bureau, Inc. is Secretary and/or their representative.

"The undersigned does hereby authorize you, with full power of substitution, to act for the undersigned, in the undersigned's name, in the above entitled proceeding, including, without limiting the generality of the foregoing, authority to receive any moneys, dividends, securities or other property to which the undersigned may be entitled under any plan of Reorganization, but excluding only the authority to accept any Plan of Reorganization, and in the event of the entry of an order directing that bankruptcy be proceeded with, authority to attend all meetings of creditors of the bankrupt aforesaid, and all adjournments thereof, at the places and times appointed by the court, and for the undersigned, and in the undersigned's name to vote for or against any proposal or resolution that may be then submitted under the Act of Congress relating to bankruptcy, to vote for a trustee or trustees of the estate of the said bankrupt and for a committee of creditors, to accept any arrangement proposed by said bankrupt in satisfaction of its debts, and to receive payment of dividends, and payment or delivery of money or of other consideration due the undersigned under said arrangement, and for any other purpose in the undersigned's interest whatsoever; and with like powers to attend and vote at any other meeting or meetings of creditors, or sitting or sittings of the court, which may be held therein for any of the purposes aforesaid. * * *"

At the time of the election, counsel for the Spinner Committee raised an objection to the affidavit filed by Sol Schneider, sworn to April 2, 1956, alleging that it did not comply with Rule 14(c), subd. 2. In turn, the Schneider Committee, consisting of Samuel Panzer, Esq., Philip S. Taft, Esq., Alfred A. Rosenberg, Esq. and Milton Geiger, objected to the form of the power of attorney filed by the Spinner Committee, contending that the power of attorney did not run to the committee and, therefore, Rule 14(b) had not been complied with. The pertinent part of Rule 14(b) is as follows:

"(b) *Voting More Than One Claim by Proxy.* No person, firm or corporation, other than a creditor, committee of creditors, or an attorney at law, shall be permitted to vote more than one claim under power of attorney or proxy at any meeting of creditors, unless the referee at the time of voting, and not prior thereto, grants an order authorizing such voting. * * *"

One of the principal questions involved in this review is an interpretation of Rule 14(c), subd. 2 of the Bankruptcy Rules of the United States District Courts for the Southern and Eastern Districts of New York. This rule provides as follows:

"(2) *A Committee of Creditors.* Any member or members of a committee of creditors desiring to vote claims held by such committee shall, prior to such voting, file an affidavit with the referee stating (1) names of officers and members of such committee and the amounts of their respective claims, (2) whether they or their firms are general creditors, (3) when, where and at whose instance the committee was organized, (4) whether any members or officers thereof expect compensation, directly or indirectly, and if so, from whom, and (5) that said claims were not solicited nor will they be voted in the interest of the bankrupt or in an interest other than that of general creditors."

In this instance, Sol Schneider, who was not a member of the alleged committee of creditors but who stated that he was the secretary and only officer, made an affidavit purporting to comply with the aforesaid Rule 14(c), subd. 2. At

first, the referee ruled that the word "file" as contained in Rule 14(c), subd. 2 means "executed." He said:

"I say that the word 'file' means executed. I don't care who delivers it." (Minutes, p. 83)

Subsequently, he appears to have determined otherwise, since he said:

"I find that there is no requirement in 14(c) 2 that the affidavit which a member or members of a Committee desiring to vote shall file an affidavit with the Referee stating the facts.

"It is not necessary that the affidavit required by that rule be made by a member or members of the Committee." (Minutes, p. 89)

■ With this conclusion I cannot agree. Reading the rule in question as a whole, as this is the manner in which any rule must be read, it is clear that there must be proof by affidavits from persons who are familiar with the facts with regard to the required information. Certainly item 4, which requires a statement as to whether or not any members or officers thereof expect compensation, directly or indirectly, and if so from whom, cannot very well be executed by other than members. A reasonable interpretation of the words in the first few lines of this rule indicates to me that if any member of a committee desires to vote claims held by the committee, such a member is required prior to the voting to execute an affidavit which must be filed with the referee stating the required facts. I believe that it is *his affidavit* that is called for and not the affidavit of some one else.

Accordingly, the affidavit of Sol Schneider, who was not a member of the committee which sought ultimately to vote certain claims, does not comply with Rule 14(c), subd. 2. Consequently, the votes cast by the Schneider Committee should have been disallowed.

■ It is my opinion, on the other hand, that the power of attorney given to the Spinner Committee is adequate and sufficient to warrant compliance with Rule 14. The affidavit of Matthew C. Spinner is, in my opinion, sufficient to comply with Rule 14(c), subd. 2 since it is the affidavit of a member of a creditors' committee desiring to vote claims. In all other respects it complies with the rule. Manifestly, the power of attorney runs to this group as a committee, although it may be voted by any one of the specified members. Consequently, the failure to allow the votes cast by Matthew C. Spinner was error.

■ It was also claimed that since prior powers of attorney ran to the Schneider Committee, the powers of attorney to the Spinner Committee were not valid because of the grantors' failure to revoke specifically the other powers of attorney. Revocation of a power of attorney may be made directly by act of the grantor or by implication. The grant of certain powers, as above stated, to the Spinner Committee, when properly acted upon and given at a later date, directly necessitates the conclusion that the grantor had revoked the prior grant. In any event, since the Schneider Committee was not properly authorized to vote by reason of its failure to comply with Rule 14(c), subd. 2, the votes cast by the Spinner Committee should be counted and those of the Schneider Committee should be disregarded.

Other errors are assigned with respect to certain other matters. However, in view of the foregoing determination, it is not necessary to review these features.

Accordingly, the matter is remanded to the referee to proceed in accordance herewith.

So ordered.